STERN *v.* STERN.

(Decided June 24, 1929.)

*Mr. Walter M. Locke,* for plaintiff in error.
*Mr. Jacob S. Hermann,* for defendant in error.

CUSHING, P. J.   Bertha Stern, plaintiff in error, brought an action in the court of common pleas of Hamilton county for alimony.   Her petition set forth the necessary term of residence in the county and state.   Plaintiff alleged that she and Jacob Stern were married in Dayton, Ohio, on the 29th day of December, 1927.

In his answer, defendant, after admitting that plaintiff was a resident of the county of Hamilton and state of Ohio, alleged that the license procured from the probate court of Montgomery county, Ohio, was obtained through the fraudulent representations of the plaintiff, Bertha Stern, and claims that, because of lack of compliance with Section 11186, General Code, the probate court of Montgomery county,

Ohio, was without jurisdiction to issue said marriage license.

In his cross-petition defendant prays that plaintiff's petition be dismissed, and that he be granted a divorce.

Plaintiff filed an answer to the cross-petition, admitting that she made the statements contained in the affidavit, but claims that she made said statements at the suggestion of the defendant.

Defendant filed a reply, in which he denied that the statements contained in the affidavit were made at his suggestion.

The cause was heard by the court of common pleas, division of domestic relations. The petition for alimony and the cross-petition for divorce were both dismissed. No motion for a new trial was filed, although a bill of exceptions was duly signed and allowed.

It is admitted by counsel in their briefs that on the 29th day of December, 1927, Bertha Stern, her father, and Jacob Stern made a trip to Dayton, Ohio, for the purpose of having the marriage solemnized; that a license was procured from the probate court of Montgomery county, Ohio, and they immediately thereafter went to a rabbi in the city of Dayton, Ohio, where the parties were married; that after the ceremony Bertha Stern turned over to Jacob Stern a check for $1,000; that he, Jacob Stern, wanted $5,000; and that, on reaching Cincinnati, he made an excuse that he had some matters to attend to, left her at her father's house, went to his place of business, sent word that he was sick, and never returned.

Section 11186, General Code, provides for the publications of banns before marriage. It is admitted

that this was not done. A portion of the statute reads: ''Or a license must be obtained for that purpose from the probate judge of the county where such female resides.''

There is no provision in the statute for any length of residence in the county where the application for license is made; whether it shall be an hour, a day, 30 days, or a year. There is no penalty attached for procuring a license in the county, in the manner in which this was procured; nor is there any penalty imposed on the probate court for issuing such license.

Section 12921, General Code, provides: ''Whoever, being a minister, justice of the peace or mayor, authorized by law to join persons in marriage solemnizes a marriage without banns having been published or license issued as required by law, shall be fined not more than one thousand dollars and imprisoned not more than six months.''

In the case at bar the probate court issued the license to the parties to marry. A duly qualified minister performed the marriage ceremony, and we hold, in the absence of an action to declare the marriage void, that there was a marriage, and that it was the duty of the court to award alimony, if there was an abandonment.

The only facts before us are the admissions of counsel that Stern wanted $5,000, whether as a loan or a gift is not known, and that he abandoned his wife, and, under the law, she is entitled to alimony. If Stern claims there was fraud in bringing about this marriage, the law of Ohio provides an adequate remedy in such case. But, according to the admis-

sions of counsel, he was not in any way deceived or misled as to what was going on.

The judgment of the court of common pleas, division of domestic relations, will be reversed, and the cause remanded to that court, with instructions that the case be tried according to law.

*Judgment reversed and cause remanded.*

Ross and HAMILTON, JJ., concur.